**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000695**
**16-JUN-2025**
**07:49 AM**
**Dkt. 33 SO**

NO. CAAP-22-0000695

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ZONA O. OSTROWSKI, Petitioner-Appellee,
v. ANTHONY C. OSTROWSKI, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FDA-22-002299)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

This appeal challenges a domestic abuse protective order. We affirm.

Respondent-Appellant Anthony C. Ostrowski (**Husband**) appeals from the October 18, 2022 Order for Protection entered by the Family Court of the First Circuit (**family court**)[1] pursuant to Hawaii Revised Statutes (**HRS**) § 586-5.5,[2] which prohibited

---

[1] The Honorable Bode A. Uale presided.

[2] HRS § 586-5.5(a) (2018 & 2024 Supp.) provides for the issuance of a "protective order . . . for a further fixed reasonable period as the court deems appropriate" upon proof "that a protective order is necessary to

Husband from contacting, abusing, or threatening his wife, Petitioner-Appellee Zona O. Ostrowski (**Wife**), for one year (**Protective Order**).[3]

On appeal, Husband challenges the December 8, 2022 Findings of Fact (**FOFs**) and Conclusions of Law (**COLs**), by contending the family court erred in FOFs 7(a)-(g), and COLs 18 and 19, which found Wife credible and her domestic abuse allegations for the October 1, 2022 incident proven by a preponderance of the evidence, as follows:

> 7. Following the trial on the Petition, . . . the Court finds <u>that WIFE proved the material allegations of the Petition by a preponderance of the evidence</u> as to:
>
> a. Allegation A: WIFE testified that <u>on October 1, 2022 she sustained domestic abuse by HUSBAND when HUSBAND chased WIFE while videoing her and calling her names, including slut and whore</u>.
>
> b. Allegation B: <u>On October 1, 2022, WIFE fell down when HUSBAND was chasing her while videoing her out by her car, WIFE sustained injuries</u>.
>
> c. Allegation C: <u>HUSBAND refused to render aid to WIFE during this incident on October 1, 2022</u>. Police came to the scene along with an ambulance and assisted WIFE.
>
> d. <u>WIFE is afraid of HUSBAND's ongoing violent and degrading behavior towards her</u>.

---

prevent domestic abuse or a recurrence of abuse[.]" HRS § 586-1 (2018 & 2024 Supp.) defines "Domestic abuse" as "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, extreme psychological abuse, coercive control, or malicious property damage between family or household members[.]"

At a protective order hearing under HRS § 586-5.5(a), while "the respondent must 'show cause why' the protective order is not necessary, . . . the burden remains on the petitioner to prove the petitioner's underlying allegations by a preponderance of the evidence." <u>Kie v. McMahel</u>, 91 Hawaiʻi 438, 442, 984 P.2d 1264, 1268 (App. 1999).

[3] Although the Protective Order expired on October 18, 2023, the appeal is not moot, and we review this appeal under the collateral consequences exception. <u>See</u> <u>Hamilton ex rel. Lethem v. Lethem</u>, 119 Hawaiʻi 1, 9-10, 193 P.3d 839, 847-48 (2008).

e. The Court finds that <u>HUSBAND did not show good cause why the order should not be continued</u>.

f. The Court finds that a protective order is necessary to prevent domestic abuse or recurrence of domestic abuse, and

g. The Court issues an Order for Protection for a period of one year, is a fit and reasonable amount of time given the facts and circumstances of the case.

. . . .

18. <u>Following the trial on the Petition, the Court finds that WIFE is credible and that WIFE proved the material allegations of the Petition by a preponderance of the evidence as to allegations A, B, and C, that HUSBAND failed to show good cause why the order should not be continued, and finds a protective order is necessary to prevent domestic abuse or recurrence of domestic abuse</u>.

19. Based on the foregoing, <u>the Court issues an Order for Protection for a period of one year</u> and finds this to be a fit and reasonable amount of time given the facts and circumstances of the case.

(Emphases added.)

Upon careful review of the record and the brief submitted,[4] and having given due consideration to the arguments advanced and the issues raised, we resolve Husband's challenges as follows.

We conclude that FOFs 7(a)-(g), and COLs 18 and 19 (which are mixed FOFs and COLs), are not clearly erroneous. See In re Doe, 95 Hawaiʻi 183, 196, 20 P.3d 616, 629 (2001) ("[T]he question on appeal is whether the record contains 'substantial evidence' supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by 'credible evidence of sufficient quality and probative value.' In this regard, the testimony of a single witness, if found by the trier of fact to have been

_____

4    No answering brief was filed.

3

credible, will suffice." (citations omitted)). Reconciling conflicting testimony is the province of the trial court, as factfinder, and beyond the scope of appellate review. Schiller v. Schiller, 120 Hawaiʻi 283, 288, 205 P.3d 548, 553 (App. 2009).

Here, there was substantial evidence to support the family court's determination under HRS § 586-5.5(a) that the Protective Order was "necessary to prevent domestic abuse or a recurrence of abuse[.]" With regard to the October 1, 2022 incident upon which the Protective Order was based, Wife testified that Husband "was beginning to harass me" and "started calling me names" including "slut" and "whore"; Husband chased Wife out the door "[w]ith his video camera videotaping" her; Wife "was very distraught" and fell down on the driveway; Wife was "on the ground crying" and "wanted some help or consoling[,]" but Husband "continued to videotape [her] and didn't even want to get close"; Husband "just continued to berate [her]" as she lay "face down on the ground" of their concrete driveway until police and ambulance arrived. Regarding whether she had "any injuries from [her] fall[,]" Wife testified: "I have had bruises and some muscle strains," and that "[p]hysically I feel threatened, I feel scared in fear because it's unpredictable."

Notwithstanding the contrary testimony and evidence presented by Husband, the family court, as the factfinder, found Wife's testimony credible. "[A]n appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006).

Regarding Husband's argument that Exhibit D, the police report for the October 1, 2022 incident, contradicts

Wife's testimony, the family court received it in evidence and noted Wife's testimony that "the police officers did not take [her] statement" for Exhibit D.  The family court reconciled the conflicting testimonies and views of the evidence; and its determinations, as set forth in the challenged FOFs and COLs, were supported by substantial evidence.  See Doe, 95 Hawaiʻi at 196, 20 P.3d at 629.

Although not identified as points of error, Husband's opening brief questions the family court's impartiality, and argues the family court erred by not admitting certain video evidence.  Husband did not preserve these arguments below, and they are waived.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal." (citations omitted)).

For these reasons, the family court's October 18, 2022 Order for Protection, and the December 8, 2022 Findings of Fact and Conclusions of Law are affirmed.

DATED:  Honolulu, Hawaiʻi, June 16, 2025.

On the briefs:

Marrionnette L.S. Andrews,
for Respondent-Appellant

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge